**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| M.M. and C.M., as next friends of B.M., a minor child | § § § | |
| *Plaintiffs*, | § § | |
| v. | § | CASE NO. 4:12-CV-204 |
| PLANO INDEPENDENT SCHOOL DISTRICT | § § § § | |
| *Defendant.* | § § | |

# ORDER ADOPTING REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

This is an appeal from the dismissal for lack of jurisdiction, by a hearing officer of the Texas Education Agency, of a complaint alleging a failure to provide a free appropriate public education as required by the Individuals with Disabilities Education Act. Plaintiffs M.M. and C.M., the parents of B.M., who was enrolled in the Plano I.S.D., were unhappy with the special education services provided to B.M. by the District. They were not satisfied with the results of various Admission, Review, and Dismissal ("ARD") committee meetings held to discuss the Individualized Education Plans ("IEP") created for B.M., and have alleged that the District improperly diagnosed B.M., and had misrepresented and withheld information.

Plaintiffs filed a Request for a Special Education Due Process Hearing with the Texas Education Agency ("TEA") alleging that the District had failed to provide B.M. with a free appropriate public education ("FAPE") as required by the Individuals with Disabilities Education Act (IDEA"). The TEA accepted the request for a hearing, and assigned a hearing officer. That

1

officer dismissed Plaintiff's case, finding a lack of jurisdiction because Plaintiffs no longer lived in the Plano ISD.

Plaintiffs appealed to this court, asking that the case be remanded to the hearing officer for a due process hearing. The case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. Upon cross-motions for summary judgment, he recommended that the case be remanded to the hearing officer for a due process hearing. [Doc. 15]. The District timely filed objections. [Doc. 16].

Defendant asserts that plaintiffs are not the intended beneficiaries of any retroactive private school tuition reimbursement that may be available as a remedy under the Individuals with Disabilities Act ("IDEA"), and thus, the findings of the Magistrate Judge are erroneous. Defendant admits that the IDEA recognizes that parents who previously received special education services under the authority of a public agency and determine to enroll their child in private placement without the consent of the school may be entitled to reimbursement for the cost of that enrollment. 34 C.F.R. § 300.148(c). A hearing officer must "find[] that the agency had not made [free appropriate public education] available to the child in a timely manner prior to that enrollment and that the private placement is appropriate." *Id*. Defendant contends that this provision has never been applied to allow a parent to receive tuition reimbursement after enrolling a child in a private school at a time when the child does not reside within the jurisdiction of the agency that allegedly failed to make free appropriate public education available to the child in a timely manner.

Certain difficulties face parents of children with special needs. "[T]he parents who disagree with the proposed IEP are faced with a choice: go along with the IEP to the detriment of their child if it turns out to be inappropriate or pay for what they consider to be the appropriate placement." *School Committee of the Town of Burlington, Massachusetts v. Department of Education*, 471 U.S. 359, 370 (1985). Reimbursement as a remedy requires the district to "belatedly pay expenses that it

should have paid all along and would have borne in the first instance has it developed a proper IEP." *Id*. at 370-71.

In this case, plaintiffs believed that a free appropriate public education was not provided to their son at Plano Independent School District ("Plano ISD"). During the summer between the school years, plaintiffs were forced to determine whether they would return their son to his allegedly inappropriate placement at Plano ISD, or whether they would place him in private school and seek reimbursement for his tuition. The Magistrate Judge held that the mere fact that plaintiffs no longer reside in Plano ISD does not render their claims for reimbursement against Plano ISD moot [Doc. #15 at 11-14]. This court agrees.

As noted by the Magistrate Judge, Defendant's position can lead to absurd results. Assume *arguendo* that plaintiffs are entitled to reimbursement for private school placement.[1] If defendant is not obligated to pay this reimbursement, then "a school district could simply stop providing required services to a student with the underlying motive of inducing this student to move from a district" [Doc. #15 at 12]. *Lewis Cass Intermediate Sch. Dist. v. M.K. ex. rel. J.K.*, 290 F. Supp. 2d 832, 838 (W.D. Mich. 2003) (citing *Neshaminy Sch. Dist. v. Karla B.*, No. 96-3865, 1997 WL 137197, at *6 (E.D. Penn. Mar. 20, 1997)). In this case, defendant's argument appears to require plaintiffs to enroll their child at Richardson ISD and then go through the process of having Richardson ISD create an IEP for the child, only so that plaintiffs can then file their due process hearing requesting reimbursement for private school tuition for allegedly inappropriate services provided at Plano ISD. Richardson ISD would be required to arrange, conduct, and pay for a due process hearing related to allegations that Plano ISD violated the IDEA.

---

[1] The court has not decided this issue, and agrees with the Magistrate Judge's conclusion that because there was no due process hearing in this case this issue is not ripe for consideration. Defendant does not object to this finding of the Magistrate Judge.

It is difficult to see why this case should be treated differently than that of a student who has already graduated from high school. *See Zobrest v. Catalina Foothills School District*, 509 U.S. 1, 5 n.3 (1993). Or, differently than the case of a student who has "aged out" or is more than twenty-one years of age. *See Ferren C. v. School District*, 612 F.3d 712, 718 (3d Cir. 2010). The Third Circuit has held that because compensatory education is an equitable remedy that compensates a special needs student "for rights the district already denied him", even an *out of state move* does not render claims for compensatory education moot. *See D.F. v. Collingswood Borough Board of Education*, 694 F.3d 488, 497-98 (3d Cir. 2012). Even a school district, which is no longer responsible for educating a child must still be held responsible for its past transgressions. *Id.*

The court finds this reasoning persuasive. In each of these cases, the student was provided a due process hearing to determine if the facts of the case warranted the award of the remedy requested by the student and parents. As the Supreme Court noted, administrative and judicial review of a parent's complaint often takes years. *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 129 S. Ct. 2484 (2009)(citing *Burlington*, 471 U.S. at 369, 105 S. Ct. at 1996. A parent should not be denied appropriate relief simply because he moved his child to another school district to obtain adequate education for his special needs child in the midst of a lengthy administrative process. For these reasons, defendant's first objection is overruled.

Defendant also asserts that retroactive private school tuition reimbursement is not available as compensatory services or compensatory education. Defendant appears to argue that the remedy of compensatory education or compensatory services involves prospective relief crafted by a court to remedy an educational deficit created by the agency's failure to provide a free appropriate public education to a student [Doc. #16 at 5]. While compensatory education or services may be remedies that can be prospective in nature, it is clear that reimbursement for unilateral placement in a private school is one of the remedies available to a parent whose child has been denied a free appropriate

4

public education. *Burlington*, 371 U.S. at 367; 34 C.F.R. § 300.148. As the Magistrate Judge noted in his report, defendant did not dispute reimbursement for private school placement was an available remedy [Doc. #15 at 12]. Further, this issue was not raised before the Magistrate Judge, and the Court will not consider it now. For these reasons, defendant's second objection is overruled.

Defendant also objects that the Magistrate Judge's report misstates the standard for determining whether plaintiffs may be entitled to retroactive tuition reimbursement. In discussing the hearing officer's statement that she would be unable to determine what free appropriate public education would have been available to plaintiffs in Richardson ISD, the Magistrate Judge stated:

> In accordance with her duties, the hearing officer must determine whether Plano ISD provided a free appropriate public education in a timely manner, and whether private placement would have been appropriate for B.M. at the time he was enrolled at Plano ISD.

[Doc. #15 at 14]. Defendant argues that there is no legal basis to find that tuition reimbursement would be available when the school district that allegedly failed to provide a free appropriate public education is not the school district that is currently responsible for providing a free appropriate public education. This argument is essentially the same as that raised by defendant in its first objection, and has already been addressed. The Magistrate Judge did not misstate the required standard, but stated that the hearing officer could decide whether plaintiffs were entitled to reimbursement if she held a due process hearing and considered all the applicable facts. There is no basis for this objection, and defendant's third objection is overruled.

Defendant also argues that the hearing officer properly dismissed plaintiffs' claim as moot. Defendant objects to the failure of the Magistrate Judge to follow the reasoning adopted by the courts in the Eighth Circuit in considering this issue. However, the Magistrate Judge addressed that argument at length, and considered each of the cases cited by defendant in support of its proposition [Doc. #15 at 9-12]. Contrary to defendant's argument, the Eighth Circuit's decision has not been

5

adopted by the Fifth Circuit or the Eastern District of Texas. The Eighth Circuit law cited by defendant is not binding on this court, and the Magistrate Judge found other case law more persuasive on this issue. Defendant's fourth objection is overruled.

Finally, defendant contends that the hearing officer did not abuse her discretion in denying relief to plaintiffs because the hearing officer concluded that reimbursement was an equitable remedy. Defendant argues that, as such, the hearing officer is required to exercise her judicial discretion to determine whether the reimbursement should be reduced or denied. The Magistrate Judge agreed with defendant that the hearing officer must exercise her judicial discretion to fashion an appropriate remedy. However, the Magistrate Judge found that it was inappropriate to exercise that discretion without conducting a due process hearing in order to determine whether the facts warranted such a reduction or denial of reimbursement. This court agrees, and defendant's fifth and final objection is overruled.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #15] is hereby adopted. Plaintiffs' Motion for Summary Judgment [Doc. #9] is **GRANTED**, and defendants' Cross-Motion for Summary Judgment [Doc. #10] is **DENIED**.

This case is remanded to the hearing officer for further proceedings consistent with this opinion.

**IT IS SO ORDERED.**

So **ORDERED** and **SIGNED** this **1** day of **July, 2013.**

_____
Ron Clark, United States District Judge