IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| M.M. and C.M. as next friends of B.M., a minor child, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 4:12-CV-204 |
| PLANO INDEPENDENT SCHOOL DISTRICT, | § § § § | Judge Clark/Judge Mazzant |
| *Defendant.* | § | |

## **<u>Order Denying Plaintiffs' Motion for Attorneys' Fees and Adopting Report and Recommendation Of United States Magistrate Judge</u>**

Plaintiffs have objected to the Magistrate Judge's Report and Recommendation in this case, which recommended denial of Plaintiffs' request for attorney fees pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §1415(e)(2)(F) (IDEA). They assert two grounds, which can be summarized as follows:

> 1. Remand of the case by this court to the Special Education Hearing Officer for a hearing gave Plaintiffs prevailing party status; and alternatively
>
> 2. A settlement agreement gave Plaintiffs prevailing party status even though: a. it was not approved by a court or entered as part of a consent order; b. it states that "the execution of this agreement does not confer 'prevailing party status' upon either party and shall not be relied upon as a basis of recovery of attorneys' fees . . ."; and
> c. Plaintiffs failed to notify the Magistrate Judge of the settlement, during the four months between the date it was signed and the date the Magistrate Judge entered the Report recommending denial of the attorney's fees.

After a *de novo* review of the motions, evidence, and arguments, the court finds that Plaintiffs' objections and arguments are groundless and the objections are overruled.

## I. Background

Plaintiffs are the parents of B.M., a minor, who was enrolled as a student in the Plano Independent School District ("Plano ISD") for the 2010-2011 school year. They have agreed with the following statement of the case "as far as it goes," which was set out in the Magistrate Judge's Report and Recommendation now under review.

Plaintiffs filed their Request for a Special Education Due Process Hearing with the Texas Education Agency on or about October 7, 2011. In their request, Plaintiffs alleged that Plano Independent School District ("PISD"), failed to provide a free and appropriate public education to their son as required by the IDEA. Plaintiffs requested compensatory reimbursement for their minor child's placement in private school.

Before a hearing on the merits of Plaintiffs' substantive claim, the Special Education Hearing Officer ("SEHO") determined that it lacked jurisdiction to hear Plaintiffs' claim and dismissed their complaint. Plaintiffs then appealed the SEHO's decision to this Court alleging that the SEHO erred as a matter of law by dismissing Plaintiffs' complaint for lack of jurisdiction (Dkt. #1 at 4). The parties filed cross-motions for summary judgment (Dkt. #8, 9).

The Magistrate Judge recommended that Plaintiff's motion be granted and that Defendant's be denied (Dkt. #15). The Magistrate Judge concluded that the SEHO erred as a matter of law by dismissing Plaintiffs' claim, and recommended remanding the case back to the SEHO for a determination on the merits of the IDEA claim (Dkt. #15). This court adopted those recommendations and remanded the case to the SEHO. (Dkt. #19).

Plaintiffs moved for attorneys' fees. The following timeline of subsequent events is helpful in evaluating Plaintiffs' current claim and arguments for attorney's fees.

| | |
|---|---|
| 07/15/2013 | Plaintiffs file "Memorandum" for attorney fees, claiming remand to SEHO gave them prevailing party status. (Dkt. #20). |
| 07/15/2013 | Plaintiffs file "Request to Enter Bill of Costs," again claiming prevailing party status.(Dkt. # 21). |
| 08/01/2013 | Defendant files response to motion for attorney fees. (Dkt. #22). |
| 08/02/2013 | Plaintiffs sign settlement agreement, with provision that it "does not confer 'prevailing party status' upon either party . . ." (Dkt. #34-1, at 2). |
| 08/05/2013 | Defendants sign settlement agreement. (Dkt. #34-1, p. 2). |
| 08/08/2013 | Plaintiffs file reply to Defendant's response. (Dkt. #23). Nowhere in the 8 page reply or the 7 page exhibit is there a hint about the settlement. |
| 8/14/2013 | Defendant files sur-reply. (Dkt. #24). |
| 12.05//2013 | Magistrate Judge enters Report and Recommendation, recommending denial of attorneys' fees. (Doc. #26). |
| 01/14/2014 | Plaintiff files the objections now being considered. (Doc. #32). They assert for first time that they have prevailing party status because of the 08/05/2013 settlement. They also argue the remand gave them prevailing party status. |

## II. Analysis

*A. Remand for a hearing on the merits does not confer prevailing party status*

For a party to be a prevailing party entitled to attorneys' fees under the IDEA, "the relief obtained must be 'a judgment on the merits, a consent decree, or some similar form of judicially sanctioned relief.'" *Alief Indep. Sch. Dist. v. C.C.*, 713 F.3d 268, 270 (5th Cir. 2013) (quoting *El Paso Indep. Sch. Dist~~.~~ v. Richard R.*, 591 F.3d 417, 422 (5th. Cir. 2009); *see also Gary G. v. El Paso Ind. Sch. Dist.*, 632 F.3d 201, 207 (5th Cir. 2011) (internal quotations omitted) ("[T]o achieve prevailing party status, a party must attain both: a remedy that alters the legal

3

relationship between the parties and fosters the IDEA's purposes; and some judicial imprimatur on a material alteration of the legal relationship.").

The Magistrate Judge recommended that Plaintiffs' motion for attorneys' fees be denied, reasoning that a remand to the SEHO for further proceedings was not a decision on the merits; therefore, that remand did not give Plaintiffs prevailing party status. [Doc. #26 at 5]. This court agrees. *See Sole v. Wyner*, 551 U.S. 74, 78, 127 S. Ct. 2188, 2192 (2007); *Hanrahan v. Hampton*, 446 U.S. 754, 758, 100 S. Ct. 1987, 1989-90 (1980) . Based on these cases, and for the reasons set out in the Report and Recommendation, any objection by Plaintiffs on the grounds that the remand itself gave them prevailing party status is overruled.

   *B. The settlement agreement was not court approved or part of a consent order*

"Private settlement agreements do not entail the judicial approval and oversight involved in consent decrees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health and Human Resources*, 532 U.S. 598, 604 n.7, 121 S.Ct. 1835, 1840 (2001) Private settlement agreements are not enough to justify an award of attorney fees under the IDEA. "We now join our sister circuits in applying *Buckhannon* in the IDEA context and hold that a litigant must attain some judicial imprimatur on a material alteration of the legal relationship in order to be a prevailing party." *El Paso Indep. Sch. Dist. v. Richard R*., 591 F.3d 417, 422 (5th Cir. 2009) (numerous citations at notes 3 and 4 omitted);*see also Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008) (internal quotations omitted) ("Such a material alternation must have the necessary judicial imprimatur.").

Neither this court, nor the SEHO, gave any judicial imprimatur the parties' settlement agreement. The agreement is neither embodied in, nor incorporated into, any order or judgment.

4

It is not attached to any order or judgment, does not bear the court's or hearing officer's signature, and does not contain any level of judicial approval or continuing judicial oversight.

It is true that the IDEA has provisions encouraging resolution of disputes by mediation or by a "resolution session," before any due process hearing or suit. 20 U.S.C. §1415(e) & (f)(1)(B). Both subsections provide that any written settlement agreement is enforceable in a United States District Court. The parties signed this settlement agreement after suit had been filed, so it does not appear that either enforceability provision applies.

Alternatively, Plaintiffs intentionally waived any right to use the settlement agreement as a basis to assert prevailing party status, because the agreement provides in section I(A):

> The Plano ISD's participation in this Agreement is not an admission of liability, but is an attempt to buy peace between the parties. Accordingly, [M.M. and C.M.], individually and on behalf of [B.M.], agree that the execution of this agreement does not confer 'prevailing party status' upon either party and **shall not** be relied upon as a basis of recovery of attorneys' fees."

(Dkt. #34-1 at 2 (emphasis added)). This settlement agreement is not sufficient to confer prevailing party status on the plaintiffs in this case.

   C. *Plaintiffs chose to hide the settlement agreement*

Assuming *arguendo* that a remand for a hearing on the merits, or an agreement with the clause set out above, could provide a basis under the IDEA for the court to award attorneys' fees, special circumstances can render such an award unjust. *See Blanchard v. Bergeron*, 489 U.S. 87, 89, 109 S.Ct. 939, 942 n. 1 (1989). Such circumstances exist in this case.

Plaintiffs tout the August 5, 2013 settlement agreement as evidence that would justify overruling the Magistrate Judge's Report and Recommendation and awarding them attorneys' fees. Plaintiffs claim they did not bring this mediated settlement agreement to the Magistrate Judge's attention in their reply brief filed after the settlement agreement was signed because they

5

did not want to waive that argument. (Dkt. 32 at 2). The authorities they cite deal with parties raising belated arguments in reply briefs before a district judge or even a circuit court.

Plaintiffs' argument borders on the absurd, and their citations are disingenuously misleading. Remembering that we are assuming *arguendo* that the settlement agreement conveyed prevailing party status, what court would hold that the Magistrate Judge could not consider it for a Report and Recommendation, but the District Court reviewing that same R&R to make a final decision could? The law in this Circuit is quite clear that new evidence may be considered in certain circumstances. The Circuit Court has identified a number of factors to be considered in deciding whether to accept additional evidence. These include the moving party's reasons for not submitting the evidence; the importance of the evidence; whether it was previously available; the likelihood of unfair prejudice. *Perfomance Autoplex II Ltd. v. Mid-Continent Cas. Co*, 322 F.3d 847, 862 (5th Cir. 2003).

Here, the late evidence is the settlement agreement that Plaintiffs chose to hide for four months while scarce judicial resources were wasted as the Magistrate Judge was required to read some forty-two pages of motion, response, reply, and sur-reply, containing no fewer than forty-three citations to various cases and statutes, and then to issue his report and recommendations. Plaintiffs' lack of any valid reason for hiding the settlement agreement weighs strongly against considering it now.

As discussed above, with the strongly worded paragraph denying that the agreement would confer prevailing party status, the agreement seems of little importance to Plaintiffs' claim that they are prevailing parties. The evidence was available to Plaintiffs for months before the Magistrate Judge issued his Report and Recommendations. These factors weigh against consideration of the agreement as a basis to award fees to Plaintiffs. To accept Plaintiffs'

redacted version of the late agreement would prejudice Defendant. To consider the actual agreement that Plaintiffs tried to hide, is not so prejudicial, but as noted it would be of little importance.

These factors weigh against considering the agreement as late evidence in support of Plaintiffs" argument. *De novo* review does not mean that parties hide evidence and arguments from the Magistrate Judge so that they will be fresh for the District Judge. Like the miser who hoarded gold in his youth but found it cold comfort in old age, Plaintiffs must now content themselves with reading their hidden evidence and arguments to themselves.

A circumstance that is even more "unusual" than hiding evidence from the Magistrate Judge, is the fact that when Plaintiffs did provide a copy of the settlement agreement for the court's review, they carefully redacted the language that the agreement would not confer prevailing party status, and would not be relied upon as a basis for an award of attorneys'fees. (Dkt. #32-1 at 2).

Plaintiffs filed the redacted settlement agreement and argued that it conveys prevailing party status. (Dkt. #32, #32-1). When the redaction was pointed out by Defendant, Plaintiffs did not withdraw the redacted exhibit and the argument on the grounds of inadvertence or misunderstanding. Rather they now make the bizarre argument that the Settlement Agreement is irrelevant to Plaintiffs' request for attorney fees because when the case was remanded to the SEHO it was assigned a new number. (Dkt. #36). Then why does the Agreement specifically refer to the dispute over attorneys' fees in this court, provide that it does not confer "prevailing party" status, and why was it important enough for Plaintiffs to attach it as an exhibit in support of their argument that they were prevailing parties? (Dkt. #32, #32-1)/

Even if the court assumed that the remand and/or the settlement conferred prevailing party status, Plaintiffs' choice to waste judicial resources by failing to disclose the settlement, and the inexplicable redaction of a key paragraph from the settlement agreement upon which Plaintiff relied are unusual circumstances that justify the denial of Plaintiffs' request for attorney fees.

D. *Defendant's request for attorney's fees*

Defendant requests, pursuant to Rule 11, that the court award to Defendant its attorneys' fees in the amount of $3,937.50 incurred in responding to Plaintiffs' objection. Defendant contends that there can be no legitimate purpose for Plaintiffs' objections to the Magistrate Judge's recommendation to deny their request for attorneys' fees other than to harass Plano ISD, cause unnecessary delay, and/or needlessly increase the cost of this litigation.

The parties agreed that the settlement agreement would have no impact on the prevailing party status of either party, and could not be relied upon as a basis of recovery of attorneys' fees. Plaintiffs' most recent argument, that because the TEA gave the matter two case numbers the settlement agreement referred to some other case, is belied by the fact that Plaintiffs attached to their objections to the denial of their fees and relied on it in their argument. Plaintiffs then added insult to injury by redacting from the copy of the agreement they filed as an exhibit, their specific agreement that the settlement would not confer prevailing party status.

The Magistrate Judge spent time considering Plaintiffs' motion for attorneys' fees, drafting his Report and Recommendations, and then considering two requests for extensions of time to file objections. Now this court has had to deal with objections that are baseless both in law and by the plain language of the settlement agreement entered into by the parties. This was a waste of both Defendant's and the court's time.

A court may impose sanctions under Rule 11(b)(1) if a document has been presented for an improper purpose such as causing unnecessary delay or expense, or if contentions lack evidentiary support. *Mercury Air Grp. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001).[1] The contention that the settlement agreement could be a basis for conferring prevailing party status had no support in light of the fact that the first numbered paragraph, paragraph I(A) stated that the agreement did no such thing and could not be used for the purpose of obtaining attorney fees.

But Plaintiffs' counsel did more than neglect to mention the settlement to the Magistrate Judge; counsel submitted to this court a copy of the agreement with the crucial paragraph redacted. When the omission was pointed out by Defendant, Plaintiffs' response was a legally unsupportable, in fact frivolous, statement that the agreement was irrelevant because TEA docket numbers had changed.

Sanctions are not imposed merely because a party does not prevail. This court is especially reluctant to sanction counsel attempting to secure for individuals their constitutional or statutory rights, even where marginal arguments are made that are at least debatable. But this case goes far beyond an attempt to vindicate rights or to establish new law.

An attorney could argue that prior cases should be distinguished and that the remand in this case should justify a fee under the IDEA. The parties in this case obviously contemplated that Plaintiffs would make some argument based on the remand itself, because while they agreed

---

[1] Lawyers in the Eastern District of Texas are required to read the Local Rules of the Court. Local Civil Rule AT-1. The Court has adopted the standards of professional conduct of the State Bar of Texas. Local Civil Rule AT-2. Under Rule 3.01 of the Texas Disciplinary Rules of Professional Conduct, "[a] lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless the lawyer reasonably believes that there is a basis for doing so that is not frivolous." *Tex. Disciplinary R. Prof'l Conduct* 3.01. A lawyer "owes, to the judiciary, candor, diligence, and utmost respect." Local Civil Rule AT-3(B). Filing a settlement agreement after redacting the paragraph that goes to the heart of the dispute violates these duties, as well as the requirements of the Fed. R. Civ. Pro. 11.

that the Settlement Agreement would not confer prevailing party status, they also agreed they were not settling the "pending motion for attorneys' fees . . . ." (Dkt. #34-1 at 2). At that time the pending motion had not even hinted that a settlement conferred prevailing party status. Plaintiffs, in fact, continued to argue, without mentioning the settlement to the Magistrate Judge, that the remand itself conferred prevailing party status because that was part of the relief they requested. (Dkt. # 23).

But nothing justified Plaintiffs entering into the settlement with a paragraph denying any intent that it would confer prevailing party status, and after the Magistrate Judge ruled, leaping from behind their log, striking at the Magistrate Judge with a sandbag labeled "the settlement agreement justifies an award of fees." Submitting to the court a copy of the agreement with that provision redacted compounds their lack of candor with obvious contempt for Defendant's counsel and the court. Did Plaintiffs' counsel think nobody was going to notice the missing paragraph?

After Defendant moved for sanctions under Rule 11, Plaintiffs responded. (Dkt. # 36). The response rehashed complaints about the Magistrate Judge's analysis of the case. It also asserted that because the Clerk's office administratively entered a bill of costs Plaintiffs were prevailing parties. This court's order remanding the case to the SEHO certainly did not state that Plaintiffs were prevailing parties or were entitled to costs. The Clerk's action did not comport with the requirements of Local Civil Rule CV-54 and the Bill of Costs was improvidently entered. In short, the response to the motion for sanctions under Rule 11 fails to provide any reasonable explanation, excuse, or defense for counsel's conduct.

The court must decide whether the facts establish that the conduct of Plaintiffs or Plaintiffs' counsel was so objectively unreasonable as to justify sanctions under Rule 11. The

court considers factors typically examined in determining a Rule 11 motion. *See Thomas v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 875-76 (5th Cir. 1988) (listing factor to be considered); *see also* Michael Smith, *O'Connor's Federal Rules, Civil Trials* 2014, pp. 400-01. In this case it is difficult to see how Plaintiffs themselves can be blamed for arguments made by counsel, or for the redacted settlement agreement.

There was plenty of time for Plaintiffs' counsel to review the documents and file the pleadings and papers in question, and no claim to the contrary has been made. Plaintiffs' motion for fees was filed on July 15, 2013. The settlement agreement was signed August 5, 2013 and Plaintiffs' last pleading on the matter, a reply that did not mention the settlement, was filed on August 8. The Report and Recommendations was not issued until December 5, 2013. Although objections were due within fourteen days, the response under consideration was not filed until January 14, 2014 (Dkt. #32), for which the Magistrate Judge granted an extension of time. (Dkt. #33). Plaintiffs' counsel has not alleged that forty days and forty nights was insufficient to consider the full import of what she was doing. When the redaction and the groundless argument were exposed in Defendant's response (Dkt. #34) she did not withdraw them or explain that they were the result of an unfortunate miscommunication or confusion.

Counsel was obviously familiar with the matter, as she filed the suit on April 10, 2012, as the only attorney for Plaintiffs, and was designated as "attorney to be noticed" on the docket sheet. She has not claimed otherwise. She is familiar with the law pertaining to attorney's fees under the IDEA, having served as counsel in at least one case where those requirements were stated. *See S.H. v. Plano Indep. Sch. Dist.*, 487 F. App'x 851, 860 (5th Cir. 2012).

There is no claim or indication that counsel relied upon an expert or another attorney. The matter was not complex; counsel negotiated a ten page settlement agreement in connection

with a mediation and then submitted arguments based upon an improperly redacted copy of the agreement.  That information was not controlled by Defendant and there was no thwarted discovery, hidden information, or massive files that counsel did not have time to investigate.  The law is not in flux about attempts to mislead the court.

The court finds that "Plaintiffs Objections to the Report and Recommendations of the Magistrate Judge Denying Motion for Attorney Fees"  (Dkt. #32) together with the redacted Settlement Agreement (Dkt. # 32-1)  were filed by  counsel, Ms. Myrna B. Silver for an improper purpose, namely to harass, and  impose costs on Defendant, and that the redacted Settlement Agreement was a deliberate attempt, in bad faith  to mislead the court and to impose costs upon, and harass, Defendant.

The court must decide what the sanction should be, and to whom it should be paid.  While courts often require sanctions to be paid to the court, the court may order that they be paid to the opposing party.  The sanction should be the least severe that will properly deter the offending counsel and others from similar conduct.  *See eg. Mecury Air Grp. v. Mansour*, 237 F.3d 542, 549-549(5th Cir. 2001); *Granader v. McBee*, 23 F.3d 120, 123-24 (5th Cir. 1994).

 In this case Defendant, a public school district, entered in good faith into a settlement agreement that appeared to dispose of all present and past disputes with Plaintiffs and would have prevented future problems.  Defendant agreed that Plaintiffs could go forward with what, to put the best face on it, might have appeared to be, an attempt to expand the law regarding prevailing parties.  There is no indication Defendant contemplated anything like the frivolous objections to the Magistrate Judge's Report and Recommendations to which they had to respond.  The court finds that payment of sanctions to Defendant, in the amount of reasonable fees

incurred by Defendant in responding to the objections, would best serve the goal of deterring Plaintiffs' counsel and others from similar conduct in the future.

As to the amount, Defendant requests that the court award its fees in the amount of $3,937.50 incurred in defending itself against Plaintiffs' baseless objections. Defendant's counsel contends that in this case he charges Plano ISD a discounted rate of $225.00 per hour, which the court finds, based on his affidavit is a reasonable hourly rate in Collin County, Texas. Plaintiff has not tried to controvert that testimony, and she provided evidence that an even higher rate was reasonable for this type of case in the Eastern District of Texas. *See* Dkt. #20 with attached exhibits.

Defendant's counsel asserts that he spent 17.50 hours providing the following legal services in responding to Plaintiffs' objections: review and analysis of the plaintiffs' objections, review of underlying pleadings and documents, correspondence with the client and opposing counsel, legal research relating to the issues raised and cases cited in the objections, and drafting Plano ISD's response to the plaintiffs' objections. The court finds that 17.50 hours is reasonable.

The court has already found that the objections and the improperly redacted agreement were filed to harass, and impose costs on, Defendant. A sanction in the amount of those actual costs is the least severe sanction that constitutes sufficient deterrence, adequately sanctions offending counsel and corrects the wrong that was committed. Therefore, the court finds that Defendant should be awarded its fees in the amount of $3,937.50 (17.50 hours x $225.00/hour = $3,937.50).

## III. Conclusion

The court has conducted a *de novo* review of the objections in relation to the pleadings and applicable law. After careful consideration, the court concludes the plaintiffs' objections are without merit.

It is therefore **ORDERED** that the Report and Recommendation of United States Magistrate Judge [Doc. #26] is hereby adopted, Plaintiffs' objections are overruled, and Plaintiffs' Motion for Attorney Fees [Doc. #20] is **DENIED.**

It is further **ORDERED** that Counsel for Plaintiffs, Myrna Bernice Silver shall pay to Defendant, Plano Independent School District, as a sanction for her violation of Fed. R. Civ. P. 11, the amount of three thousand, nine hundred, thirty-seven dollars and fifty cents ($3,937.50).

All relief not previously granted is hereby **DENIED.**

The clerk is directed to **CLOSE** this civil action.

So **ORDERED** and **SIGNED** this **18** day of **March, 2014.**

_____
Ron Clark, United States District Judge